UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRENALE L BELTON,

Plaintiff,

v.

OLYMPIA POLICE DEPARTMENT et al.,

Defendants.

CASE NO. 3:21-CV-05126-JCC-DWC

ORDER TO SHOW CAUSE

Plaintiff proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by May 7, 2021 to cure the deficiencies identified herein.

## I. Background

Plaintiff, who is a pretrial detainee housed at the Thurston County Jail, alleges the Olympia Police Department used excessive force against him on December 21.[1] Dkt. 8 at 5-6. Plaintiff alleges the Olympia Police Department kicked him in the back and beat him which made him lunge at a police dog. Dkt. 8 at 6. Plaintiff alleges the police dog bite his left shoulder. *Id.*

Plaintiff alleges he was not resisting but he was continually kicked while the police dog chewed on his shoulder. *Id.* at 8. Plaintiff alleges he suffers from severe pain in his shoulder, loss of use of his left arm and finger, and mental trauma. *Id.* at 7. Plaintiff seeks monetary damages. *Id.* at 10.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

---

[1] Plaintiff does not indicate the year in which these alleged constitutional violations occurred. *See* Dkt. 8. A civil rights complaint must be timely filed and the applicable statute of limitations for § 1983 cases in Washington is three years. *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981); RCW 4.16.080(2).

A. *Personal Participation – Defendant Coach*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, Plaintiff names Tiffany Coach, an Olympia Police Department officer, as a defendant in this action. *See* Dkt. 8. However, Plaintiff fails to state allege any wrong-doing by Defendant Coach. Plaintiff does not state any action taken by Defendant Coach demonstrating how she violated his constitutional rights.[2] Therefore, Plaintiff has failed to adequately explain what actions or inactions by Defendant Coach resulted the alleged constitutional violations.

---

[2] Plaintiff does not identify any other individuals as defendants.

Plaintiff's vague and conclusory allegations are insufficient to show Defendant Coach personally participated in an alleged constitutional violation. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement naming individual defendants and explaining exactly what each defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

B. *Improper Defendants – Olympia Police Department and K-9 Unit*

Plaintiff also names the Olympia Police Department and the K-9 Unit as defendants in this matter. *See* Dkt. 8. However, the Olympia Police Department and K-9 Unit are not the proper legal entities capable of being sued under §1983. Rather, the City of Olympia, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, (1978); *Loomis v. City of Puyallup Police Dept.*, 2005 WL 1036445, at *8 (W.D. Wash. May 3, 2005).

To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named the City of Olympia as a defendant or alleged facts to show the City of Olympia is liable. *See* Dkt. 8. If Plaintiff seeks to sue the City of Olympia, he must name the City of Olympia as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show the City of Olympia violated his constitutional rights.

**III. Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve Plaintiff's Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write one short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. Any documents attached to the amended complaint are evidentiary exhibits in support of Plaintiff's allegations, not a substitute for a complaint. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not

authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before May 7, 2021, the undersigned will recommend dismissal of this action. The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 8th day of April, 2021.

David W. Christel
United States Magistrate Judge